IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDRICK HARRIS, #202 390, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )  CIVIL ACTION NO. 2:13-CV-843-WHA |
| | )               [WO] |
| OFFICER YELDER, *et al*., | ) |
| | ) |
|    Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility, filed this case on November 18, 2013. He subsequently filed two additional complaints which, due to the similarity of the claims against the named defendants, were consolidated with this action. *See Harris v. Jackson, et al*., Civil Action No. 2:13-CV-864-WHA and *Harris v. Ford, et al*., Civil Action No. 2:13-CV-894-WHA. Plaintiff filed these consolidated lawsuits alleging that correctional officers assaulted him in violation of his right to be free from cruel and unusual punishment and engaged in various forms of mistreatment, including threats and harassment, in retaliation for his suing. Pending before the court are Plaintiff's motions to dismiss under Rule 41(a)(1), *Federal Rules of Civil Procedure*.

**I. DISCUSSION**

Under Rule 41(a)(1)(A), "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have

appeared in the action." Fed.R.Civ.P. 41(a)(1)(A). "Ordinarily, a Rule 41(a)(1)(A) voluntary dismissal is effective immediately and requires no action by the district court." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Because a voluntary dismissal is self-executing, it may precede any analysis of subject-matter jurisdiction and moots all pending motions. *Id*.

A plaintiff may properly effect a Rule 41(a)(1)(A) dismissal by filing a "notice of dismissal." Fed.R.Civ.P. 41(a)(1)(A)(i). Although Plaintiff designates his filings as "motions" to dismiss, the court notes that no answer or motion for summary judgment has been filed by the Defendants and Plaintiff may dismiss his action as a matter of right. The court, therefore, will construe the "motions" to dismiss as "notices" of dismissal within the meaning of Rule 41(a)(1)(A)(i). *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (citation omitted) ( "[t]he fact that a notice of dismissal is styled "motion to dismiss" rather than "notice of dismissal" is without consequence.").

In light of the foregoing, the court concludes this case is due to be dismissed without prejudice under Rule 41(a)(1)(A)(i), *Federal Rule of Civil Procedure*.

## II. CONCLUSION

Accordingly, it is

ORDERED that Plaintiff's motions to dismiss (*Doc. Nos. 10, 22, 23, 24, 26, 28*) are considered notices of dismissal under F.R.Civ.P. 41(a)(1)(A)(i).

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice under F.R.Civ.P. Rule 41(a)(1)(A)(i). *See Doc. Nos. 10, 22, 23, 24, 26, 28*.

It is further

ORDERED that on or before **May 14, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of April 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE